UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/22/22

ANA CHALAS, Individually, and On Behalf
of All Others Similarly Situated,

                                        Plaintiff,

    -against-                                               No. 22 Civ 04178 (CM)

BARLEAN'S ORGANIC OILS, LLC,

                                        Defendant.

## DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

McMahon, J.:

Plaintiff, Ana Chalas ("Plaintiff") is a legally blind person who brings this action on behalf of herself and others similarly situated against Defendant, Barlean's Organic Oils, LLC, alleging that Defendant failed to make its website fully accessible to blind and visually-impaired individuals in violation of the Americans with Disabilities Act ("ADA") and the New York City Human Rights Law ("NYCHRL").

Defendant has filed a motion to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

For the following reasons, the Defendant's motion to dismiss is denied.

1

## BACKGROUND

### I.   Factual Background

Plaintiff is a visually impaired and legally blind person who uses screen-reading software to read websites. First Amended Complaint ("FAC") ¶ 1. Defendant is an online retail company that owns and operates a website offering health supplements that it creates and sells. *Id.* ¶ 22.

Plaintiff alleges that on May 18, 2022, July 29, 2022, and August 3, 2022, she visited Defendant's website and attempted to browse and purchase a health supplement called "Stomach Repair – Vanilla Chai" for her cousin. *Id.* ¶ 2. However, Plaintiff alleges that she encountered accessibility barriers on each of her visits to the website because her screen-reading software was not able to function properly and so she was unable to complete her purchase. *Id.* ¶¶ 4, 5. Unless a website is designed, properly coded, and updated to be read by screen-reading software, blind and visually impaired persons are unable to fully access it, and the information, products, goods, and services contained thereon. *Id.* ¶ 19. Due to Defendant's failure to make its website compatible with screen-reading software, Plaintiff alleges that she was, and continues to be, "unable to complete a purchase as a sighted New York customer would" and thus has been denied full and equal access to Defendant's website. *Id.* ¶¶ 4, 11, 23. Plaintiff alleges that she "unequivocally intends to return to the website in order to complete the desired purchase for her cousin as soon as the accessibility barriers are cured." *Id.* ¶ 25.

### II.   Procedural Posture

Plaintiff initiated this action by filing a complaint on May 20, 2022. *See* Dkt. No. 1. Plaintiff filed the FAC on August 8, 2022. *See* Dkt. No. 14. The FAC asserts causes of action for violations of Title III of the ADA (Count I) and the NYCHRL (Count II) based on disability

2

discrimination and failure to accommodate. Count III seeks declaratory relief with respect to the ADA and NYCHRL violations alleged in Counts I and II.

Plaintiff seeks a preliminary and permanent injunction requiring the defendants to make their website fully compliant with the requirements set forth in the ADA and NYCHRL. Plaintiff also seeks declaratory relief, compensatory damages, civil penalties and fines, punitive damages, and attorneys' fees and costs.

Defendant moved to dismiss the FAC pursuant to 12(b)(1) and 12(b)(6) on August 22, 2022. *See* Dkt. No. 15. Defendant asserts that Plaintiff lacks standing to bring her claim and that Defendant's website is not a "place of public accommodation" under Title III of the ADA or the NYCHRL. Defendant also asserts that Plaintiff is not entitled to recover civil penalties and fines or punitive damages under the NYCHRL. *See* Dkt. No. 16 at 1.

## LEGAL STANDARD

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) (internal citations and quotation marks omitted). To survive a motion to dismiss pursuant to Rule 12(b)(1), Plaintiffs must carry their burden to prove that it exists. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Unlike other factual allegations, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). "[A]ll reasonable inferences should be drawn in favor of the plaintiff," but the "complaint must contain sufficient allegations to nudge a claim 'across the line from conceivable to plausible.'" *Sphere Digital, LLC v. Armstrong*, No. 20-cv-4313 (CM), 2020 WL 6064156, at *4 (S.D.N.Y. Oct. 14, 2020) (quoting *Twombly*, 550 U.S. at 555). Where a plaintiff fails to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Rule 12(b)(6) "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the truth of the allegations. *Id.* at 545.

## DISCUSSION

### I.    Plaintiff Has Standing to Bring Her Claim

Defendant first moves to dismiss the FAC for lack of standing.

"The irreducible constitutional minimum" necessary to establish subject matter jurisdiction is standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992). Plaintiffs must satisfy three requirements to establish standing under Article III: First, "plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical," *id.* (internal citations omitted); second, plaintiff must show a "causal connection between the injury and the conduct complained of" *id.*; finally, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision," *id.*

In the ADA context, standing exists where "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intended to return to the subject location.

*Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). "In reviewing standing under the ADA, 'a broad view of constitutional standing' is appropriate because 'private enforcement suits are the primary method of obtaining compliance with the Act.'" *Feltzin v. Clocktower Plaza Props., Ltd.*, No. 2:16 Civ. 4329, 2018 WL 1221153, at *3 (E.D.N.Y. Mar. 8, 2018) (quoting *Rosa v. 600 Broadway Partners, LLC*, 175 F.Supp.3d 191, 199 (S.D.N.Y. 2016)).

Plaintiff claims that she suffered an injury because she visited Defendant's website on three separate occasions and was unable to purchase the Stomach Repair – Vanilla Chai product. FAC ¶¶ 2, 4, 24. Plaintiff describes in detail the nature of the accessibility barriers that she faced on visiting the website: she alleges that the screen reader failed to inform Plaintiff about whether a selected item had been added to her shopping cart, did not provide Plaintiff with the ability to pay for items in her cart; and failed to read various pieces of information on the website. *Id.* ¶ 4. Courts in this Circuit have found that similar facts are sufficient to find an injury in fact. For example, in *Quezada v. U.S. Wings, Inc.*, No. 20 CIV. 10707 (ER), 2021 WL 5827437, at *4 (S.D.N.Y. Dec. 7, 2021), the court found an injury when a Plaintiff was "unable to determine information about defendant's products such as which sizes were available [and] was not able to purchase items" on defendant's website. *See also Sanchez v. NutCo, Inc.*, No. 20-CV-10107 (JPO), 2022 WL 846896, at *2 (S.D.N.Y. Mar. 22, 2022). As the Second Circuit has held that the injury in fact standard is a "low threshold," the facts pled in the FAC are sufficient to find a past injury based on Defendant's failure to make its website accessible. *See John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017)).

Plaintiff has also alleged facts to suggest the discriminatory conduct will continue. Plaintiff alleges that, as of the date of filing the FAC, Defendant has failed to remove the access barriers to its website. *Id.* ¶ 5, 46. Moreover, as of the date of filing Plaintiff's opposition brief to the motion

to dismiss, Plaintiff alleges that Defendant's website remains non-compliant. *See* Dkt. No. 18, at 15.

Defendant asserts that Plaintiff has not alleged sufficient facts to show that she intends to return to Defendant's website. *See* Dkt. No. 16, at 3. It argues that Plaintiff's generic language – that she "unequivocally intends to return to the website in order to complete the desired purchase for her cousin as soon as the accessibility barriers are cured" – is not sufficient to establish standing. FAC ¶ 25. Defendant points to the Second Circuit's decision in *Calcano v. Swarovski North America Limited*, 36 F.4th 68, 76 (2d Cir. 2022), in which the court found that a visually impaired Plaintiff did not sufficiently allege standing for his ADA claim. The court held that Plaintiff's conclusory allegations that he resides "in close proximity to" Defendants' businesses, has been a "customer at Defendant's [location] on prior occasions," and he "intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind" simply parroted the court's language in *Kreisler* and were "merely legal conclusions couched as . . . factual allegations." *Calcano*, 36 F.4th at 76.

However here, unlike in *Calcano*, Plaintiff has pled further facts to demonstrate her intent to return to Defendant's website. She states that her specific purpose in visiting Defendant's website was to buy the Stomach Repair supplements for her cousin after hearing that this product in particular could relieve her cousin's issue. FAC ¶ 5. While the Stomach Repair product may be sold by resellers on other websites, Plaintiff pleads sufficient facts to show why she wanted to – and continues wish to – buy from Defendant's website in particular. For example, Plaintiff alleges that Defendant's website states Defendant is committed to "staying ahead of the innovation curve in providing the absolute highest quality products" and that their products have "earned them countless awards" including being "named both the #1 Health Food Store Brand and Manufacturer

of the Year." *Id.* ¶ 2. With respect to the Stomach Repair product specifically, Defendant's website allegedly states that its intention was "to create the best natural stomach repair product on the market." *Id.* ¶ 3. These facts allow the court to plausibly infer that Plaintiff wishes to buy the Stomach Repair product from Defendant's website over others and, as such, will return when able to do so.

Plaintiff has pled sufficient facts to establish standing in this case; Defendant's motion to dismiss pursuant to 12(b)(1) is DENIED.

**II.     The Motion to Dismiss Plaintiff's Disability Discrimination Claims is Denied**

Plaintiff brings disability-discrimination claims under Title III of the ADA (Count I) and the NYCHRL (Count II).

**A.     Relationship of the ADA and NYCHRL**

For many years, claims arising under the NYCHRL statute were "treated as coextensive with state and federal counterparts." *Loeffler v. Staten Island Univ. Hops.*, 582 F.3d 268, 278 (2d Cir. 2009). That changed in 2005, when the New York City Council amended the NYCHRL to require courts to construe the statute more broadly than similarly worded state or federal laws:

> The provisions of this [ ] title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Local Civil Rights Restoration Act of 2005, N.Y.C. Local Law No. 85 (2005).

Courts must now "analyze [the viability of] NYCHRL claims separately and independently from any federal and state law claims." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). The Second Circuit has interpreted the amended NYCHRL as establishing a "'one-way ratchet,' by which interpretations of state and federal civil rights statutes

can serve only 'as a *floor* below which the City's Human Rights law cannot fall.'" *Id.* (quoting *Loeffler*, 582 F.3d at 278). This means that "even if the challenged conduct is not actionable under federal and state law, federal courts must consider separately whether it is actionable under the broader New York City standards." *Id.* Practically speaking, because the NYCHRL is more protective than its state and federal counterparts, a claim is automatically stated under the NYCHRL if it is stated under the federal and state statutes – and a claim may be stated under the NYCHRL even if that same claim would be dismissed under the ADA.

For these reasons, I will see whether the complaint states a disability-discrimination claim under the ADA. If it does, then it necessarily states a claim under the city statute, which is more liberal than the ADA.

B.      Plaintiff Sufficiently Pleaded a Claim Under the ADA

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under Title III of the ADA, Plaintiff must allege (1) that she is disabled within the meaning of the ADA; (2) that Defendant owns, leases, or operates a place of public accommodation; and (3) that Defendant discriminated against her by denying her a full and equal opportunity to enjoy the services Defendant provides." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). Discrimination under the ADA includes a failure to make reasonable accommodations for the plaintiff's disability. 42 U.S.C. § 12182 (b)(2)(A)(ii).

The parties do not dispute the first and third elements in this case.

Defendant instead asserts that a website is not a place of public accommodation under the ADA. Defendant argues that Title III provides a detailed list of the types of entities that are considered "public accommodations" and notes that the regulations promulgated thereunder state that this list is a complete list. *See* 42 U.S.C. § 12181(7); 28 CFR App'x C to Part 36. As the list includes only physical places, and as websites are specifically not included, Defendant argues that a stand-alone website without a connection to a physical place of business is exempt from Title III coverage. *See* Dkt. No. 16, at 9.

The Second Circuit has not reached this issue and there is both a circuit split and district court split on the question. The Third, Sixth, Ninth, and Eleventh Circuits require that, for discrimination under Title III to be found, there must be a "nexus" between the discriminatory conduct and the goods and services of a physical location. Thus a business that operates solely through a website, with no customer-facing physical location, is not considered a "place of public accommodation." *See Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 388 (E.D.N.Y. 2017)(discussing the circuit split.) In contrast, the First and Seventh Circuits find that public accommodations falling with the enumerated list under the statute have an obligation to make their websites accessible, even if they do not have any physical locations. *Id.* at *391.

The leading case in the Second Circuit that discusses the breadth of "public accommodations" under Title III is *Pallozzi v. Allstate Life Insurance Co.*, 198 F.3d 28 (2d Cir. 1999), *opinion amended on denial of reh'g*, 204 F.3d 392 (2d Cir. 2000). In this case, plaintiffs alleged that their application for joint life insurance had been denied because of their mental disabilities. On appeal, the court decided whether Title III of the ADA regulates insurance underwriting practices. Defendant argued that it does not because only an "insurance office" is included in the list of public accommodations, not insurance companies. Thus, they argued that

insurance policies do not constitute "goods" and "services" of a place of public accommodation. 198 F.3d. at 31-33. The Second Circuit rejected that argument and instead held that "Title III's mandate that the disabled be accorded 'full and equal enjoyment of the goods, [and] services . . . of any place of public accommodation,' suggests to us that the statute was meant to guarantee them more than mere physical access." *Id.* (internal citations omitted.)

The Second Circuit did not reach the question of whether there must be a nexus between the goods and services at issue and a physical location for the business to qualify as a place of public accommodation under Title III. However, a majority of courts in this district, relying on *Pallozzi*, have held that such a nexus need not exist in order to find that Title III applies to goods and services.

For example, in *Romero v. 88 Acres Foods, Inc.*, 580 F. Supp. 3d 9, 20 (S.D.N.Y. 2022), the court found that, while the language of Section 12181(7) is ambiguous, interpreting the term "public accommodation" in light of surrounding language leads to the conclusion that the statute should apply to websites. Specifically, the court noted that Congress included "travel service" in the list, which is not a physical place, thus allowing the statute to apply to places other than physical entities. *Id.* Moreover, the list of public accommodations includes "other sales or rental establishments," which suggests the list should not be interpreted to be limited to brick-and mortar locations. *Id.* The court also examined the legislative history to find that it too supports interpreting the statute to apply to websites, as Congress stated that it "intends that the types of accommodation and services provided to individuals with disabilities, under all of the titles of this bill, should keep pace with the rapidly changing technology of the times." *Id.* at 20–21.

Similarly, in *Taverez v. Moo Organic Chocolates, LLC*, No. 21-CV-9816 (VEC), 2022 WL 3701508, at *3 (S.D.N.Y. Aug. 26, 2022), the court examined the text of the statute and the ADA's

legislative history to find that, "Although websites are not specifically mentioned in the statute, the law's explicit purpose and the inclusion of providers that do not require physical entry into a location to access their goods and services indicate that websites are within the broad reach Congress intended Title III to have."

Others of my colleagues have held the same. *See, e.g., Paguada v. Athena Allergy, Inc.*, No. 21-CV-1245 (KPF) (S.D.N.Y. Feb. 22, 2022); *Winegard v. Crain Commc'ns, Inc.*, No. 20-CV-01509 (AJN), 2021 WL 1198960, at *2 (S.D.N.Y. Mar. 30, 2021); *Thorne v. Formula 1 Motorsports, Inc.*, No. 19-CV-1077 (JPO), 2019 WL 6916098, at *3 (S.D.N.Y. Dec. 19, 2019); *Del-Orden v. Bonobos, Inc.*, No. 17 CIV. 2744 (PAE), 2017 WL 6547902, at *11 (S.D.N.Y. Dec. 20, 2017).

I confess to being of two minds on this issue. The reasoning of the Circuit Courts of Appeal that have concluded that Title III requires a nexus between the provision of services and some "place" is persuasive, given that the statute requires a "place of public accommodation" and the regulations promulgated thereunder refer only to physical locations. On the other hand, a website is not inconsistent with the noun "place;" a website is a location in the space known as the internet, and the word "place" can be defined as a particular position or point (i.e., a location).

In the end, it will probably fall to the Supreme Court to resolve the existing Circuit split. Until that time, however, the best guess, in light of *Pallozi,* is that our Circuit, were it to consider the issue, would come down on the side of the First and Seventh Circuits, and conclude that a website can be a "place of public accommodation" within the meaning of Title III of the ADA.

Chalas has thus stated disability discrimination claims upon which relief can be granted under the ADA and the NYCHRL. Therefore, the motion to dismiss Counts I and II is denied.

### III.    Plaintiff's Request for Relief

Defendant asserts that Plaintiff may not recover civil penalties and fines pursuant to the NYCHRL, nor may Plaintiff seek punitive damages for their claims.

"A motion to dismiss is addressed to a 'claim'—not to a form of damages." *Amusement Indus., Inc. v. Stern*, 693 F.Supp.2d 301, 318 (S.D.N.Y.2010) (citation and internal quotation marks omitted). As damages are not an independent cause of action but rather a prayer for relief, Defendant's motion to dismiss these damages is "procedurally premature." *See Hunter v. Palisades Acquisition XVI, LLC*, 2017 WL 5513636, at *9 (S.D.N.Y. Nov. 16, 2017); *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 536 (S.D.N.Y. 2013).

When we get to trial, we will discuss jury instructions. At that time, Defendants may argue that they are entitled to a charge addressing the availability of penalties or punitive damages.

Count III in the FAC requests a judicial declaration that Defendant's website violates Title III of the ADA and the NYCHRL. FAC ¶¶ 54-56. This claim is duplicative of the declaratory relief requested in Plaintiff's prayer for relief. FAC at 15. As a separate count for such relief is redundant, Count III is dismissed. *See Suvino v. Time Warner Cable, Inc.*, No. 16 CV 7046-LTS-BCM, 2017 WL 3834777, at *3 (S.D.N.Y. Aug. 31, 2017).

## CONCLUSION

For the reasons discussed above, the motion to dismiss Count III is GRANTED, otherwise the motion is DENIED.

This constitutes the decision and order of the court. It is a written opinion. The Clerk of Court is respectfully directed to terminate the motions at Docket Number 15.

Dated: November 22, 2022
       New York, New York

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

13